# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **H.S.**

**No. 18-0681** (Putnam County 17-JA-82)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.J., by counsel Shawn D. Bayliss, appeals the Circuit Court of Putnam County's June 22, 2018, order terminating her parental, guardianship, and custodial rights to H.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Maggie J. Kuhl, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period; terminating her parental, guardianship, and custodial rights; and in denying her motion for post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a petition alleging that petitioner's substance abuse negatively affected her ability to parent the child. According to the DHHR, petitioner exposed the child to unsafe situations and environments and failed to supply the child with the necessary food, clothing, shelter, supervision, medical care, and education. The DHHR also alleged that petitioner and the father of the child were transient and their whereabouts were currently unknown. The DHHR indicated that the paternal grandmother had physical custody of the child, but neither parent had provided her with authority to seek medical treatment for the child.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held a preliminary hearing in September of 2017. Petitioner did not appear, but was represented by counsel. The circuit court determined that petitioner was not properly served and rescheduled the preliminary hearing. Petitioner did not appear for the subsequent preliminary hearing in November of 2017, but was represented by counsel. The circuit court found that petitioner was properly served by publication. The circuit court further found probable cause that the child was subjected to abuse and neglect and ordered that his physical and legal custody remain with the DHHR.

In December of 2017, the circuit court held an adjudicatory hearing and petitioner stipulated to the allegations of abuse and neglect contained in the petition. The circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period and offered to enter into inpatient substance abuse treatment in Virginia. The circuit court held petitioner's motion in abeyance, but ordered the DHHR to pay for petitioner's inpatient treatment. The circuit court held a dispositional hearing in January of 2018, and petitioner renewed her motion for a post-adjudicatory improvement period. The circuit court granted petitioner's motion and ordered that she comply with the DHHR's family case plan. The circuit court further ordered petitioner to participate in random drug screening, long-term inpatient substance abuse treatment, and outpatient substance abuse treatment until long-term inpatient treatment was available.

In April of 2018, the circuit court held a review hearing and the guardian moved to revoke petitioner's improvement period. Petitioner did not appear for the hearing, but was represented by counsel. According to the guardian, petitioner discontinued her drug treatment and failed to communicate with the multidisciplinary team ("MDT"). Ultimately, the circuit court found that petitioner failed to comply with the case plan and terminated petitioner's post-adjudicatory improvement period. The case was set for a dispositional hearing.

The circuit court held the final dispositional hearing in June of 2017 and ordered petitioner to drug screen at the outset of the hearing. Petitioner tested positive for benzodiazepine and methadone and admitted to using both substances without a valid prescription for either. Petitioner moved for a post-dispositional improvement period. In support, petitioner proffered that she experienced a substantial change in circumstances on the basis that she had stable housing, employment, would soon have a motor vehicle, and had rejoined a church. The DHHR and guardian moved to terminate petitioner's parental rights.

Ultimately, the circuit court found that petitioner failed to comply with her post-adjudicatory improvement period. Further, the circuit court found petitioner did not demonstrate a substantial change in circumstances that rendered her likely to fully participate in a second improvement period. Accordingly, the circuit court denied petitioner's motion for a post-dispositional improvement period. Additionally, the circuit court found that petitioner habitually abused controlled substances to the extent that her parenting was seriously impaired and had not followed through with the recommended and appropriate treatment to improve her capacity for adequate parental functioning. Therefore, the circuit court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect. The circuit court terminated petitioner's parental, guardianship, and custodial rights and

denied her motion for post-termination visitation. The circuit court memorialized its decision in its June 22, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period because she experienced a substantial change in circumstances. Petitioner asserts that she found employment, housing, and returned to church by the dispositional hearing and would soon have purchased a vehicle for transportation. Petitioner further asserts that a less-restrictive disposition than termination of parental rights would have been in the best interest of the child. We disagree.

West Virginia Code § 49-4-610(3) provides that a circuit court may grant a post-dispositional improvement period when "[t]he respondent moves in writing for the improvement period" and "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" Further West Virginia Code § 49-4-610(3)(D) provides that, if a respondent was previously granted an improvement period, a respondent must "demonstrate[] that since the initial improvement period, the respondent has experienced a substantial change in circumstances" and that "due to that change in circumstances, the respondent is likely to fully participate in the improvement period[.]" The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements.").

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for H.S. is adoption in his relative foster placement.

The circuit court correctly denied petitioner's motion for a post-dispositional improvement period because petitioner could not demonstrate that her change in circumstances made her likely to fully participate in an improvement period. In her brief, petitioner admits that "there is without question an absence of [petitioner's] presence and participation during the pendency of her original improvement period[.]" Petitioner provides no excuse as to why she did not participate in the proceedings or case plan. Additionally, although petitioner asserted multiple changes in her lifestyle, she does not address how these changes impacted her ability to participate in an improvement period. Most concerning, however, petitioner continued to abuse controlled substances throughout the proceedings, as evidenced by her positive drug screen during the final dispositional hearing. Petitioner could show no change in her behavior since the filing of the petition. Accordingly, we find no error in the circuit court's decision to deny petitioner's motion for a post-dispositional improvement period.

Petitioner's lack of progress also supports the termination of her parental, guardianship, and custodial rights to the child. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment[.]" Petitioner admitted that her substance abuse negatively affected her ability to parent. Yet, despite an attempt at substance abuse treatment, petitioner continued to abuse controlled substances. On appeal, petitioner declares that there is no evidence that she cannot be successfully rehabilitated into an effective parent. However, the record shows that petitioner refused to cooperate with rehabilitation. Further, as petitioner's substance abuse remained unchecked, the child would necessarily be exposed to continued neglect while in her care. It is against the child's best interests to be cared for by a neglectful parent. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The record supports the circuit court's findings that there was no reasonable likelihood petitioner could have remedied the conditions of abuse and neglect in the near future and that termination of her parental rights was in the best interest of the child. Accordingly, we find no error with the circuit court's termination of petitioner's parental, guardianship, and custodial rights.

4

Finally, petitioner argues that the circuit court erred in denying her motion for post-termination visitation. Petitioner stresses that the allegations did not involve "active abuse," but rather passive abuse due to her substance abuse addiction and homelessness. Petitioner further asserts that the child has a strong emotional bond with her. In regard to post-termination visitation, we have previously held that

> the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such a request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 8, *In re Isaiah A.*, in part, 228 W.Va. 176, 718 S.E.2d, 775 (2010). Further, "a close emotional bond generally takes several years to develop." *In re Alyssa W.*, 217 W.Va. 707, 711, 619 S.E.2d 220, 224 (2005). Although petitioner asserts that she has a strong emotional bond with the child, she does not cite to the record in support. Rather, the record reflects that petitioner left her child in the care of others in order to pursue her addiction and did not visit with the child during her improvement period. Additionally, petitioner's argument that she did not "actively" abuse her child further underscores her lack of understanding of her conduct and its effect on the the child. West Virginia Code § 49-1-201 provides that a neglected child is one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure, or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education[.]" This code section does not differentiate between "active" and "passive" forms of abuse. Petitioner admitted that her substance abuse negatively affected her ability to parent her child and that construes neglect under the West Virginia Code. Accordingly, we find no error in the circuit court's denial of post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment